UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| STITES & HARBISON PLLC, | *ELECTRONICALLY FILED* |
| PLAINTIFF | |
| v. | |
| JAMES "RANDY" MICHELS, ESQ., | CIVIL ACTION NO. 3:15-cv-77-DJH |
| WILLIAM CHARLES FERRELL JR., ESQ., | |
| KEVIN HARTLEY, ESQ., | |
| & | |
| TRUST TREE LEGAL, P.C. | |
| DEFENDANTS. | |

## AGREED ORDER OF PERMANENT INJUNCTION

Plaintiff, Stites & Harbison PLLC (hereainfter, "Stites"), has filed a Complaint for Injunctive Relief against Defendants, James "Randy" Michels, Esq., William Charles Ferrell Jr., Esq., Kevin Hartley, Esq. and Trust Tree Legal, P.C. (hereainfter, "Defendants"). Defendants admit that this Court has jurisdiction over them, that venue is proper in this Court, and that this Court has subject matter jurisdiction over this action. Defendants waive the entry of findings and fact and conclusions of law under Fed. R. Civ. P. 52 and 65.

Stites and Defendants have agreed to this Agreed Order of Permanent Injunction, and Defendants voluntarily consent to be bound by its terms and to its entry without further notice. The parties understand that this Agreed Order of Permanent Injunction constitutes the final judgment in this matter, waive the right to appeal from this Agreed Order of Permanent

Injunction, and agree to bear their respective costs, including any attorneys' fees or other expenses incurred in this matter.

Defendants further understand and agree that this Court has and shall retain jurisdiction over them and this matter for purposes of implementing and enforcing this Agreed Order of Permanent Injunction, and understand that if they violate its terms, they may be found in civil or criminal contempt of court, or both.

Accordingly, the Court hereby **ORDERS, ADJUDGES,** and **DECREES** that:

1. The Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

2. Defendants have voluntarily consented to entry of this permanent injunction and agree to be bound by its terms.

3. Defendants, their agents, employees, servants, successors, and assigns, and all other persons acting in concert, participation, or combination with Defendants, are permanently enjoined and restrained from, directly or indirectly:

    a. using any designations confusingly similar to, or identical to, Stites's TRADEMARKOLOGY™ service mark, Stites's Bow-Tie Fleur de Lis design service mark, or the STITES & HARBISON PLLC® mark (which are more specifically described in Stites's Complaint for Injunctive Relief) in any manner, including any mark or designation that includes those marks, including advertising, promoting, or selling any product or service in any advertisement, web site, circular, sign, label, or other media form in connection with Defendants' services;

2

    b. accessing or using the five Stites Trademarkology™ social media accounts (which are more specifically described in Stites's Complaint for Injunctive Relief), unless necessary in order to carry out the tasks identified in Paragraph 4 of this Agreed Order of Permanent Injunction; and

    c. committing breaches of fiduciary duty owed to Stites of the nature outlined or otherwise described in Stites's Complaint for Injunctive Relief, including disparaging Stites, defaming Stites, or making misrepresentations concerning Stites.

4. Defendants are ordered to:

    a. return control of all web-based assets formerly associated with the Trademarkology blog, Trademarkologist.com, or Stites & Harbison including the five Stites Trademarkology™ social media accounts (which are more specifically described in Stites's Complaint for Injunctive Relief) to Stites by providing unlimited administrative access in the form of URLs, usernames, and passwords for the assets, and by providing continuing cooperation until such time as Stites has effectively assumed control of such web-based assets; and

    b. remove from keywords, metatags, or other source code for Defendants' various websites and social media accounts any and all references to Stites's TRADEMARKOLOGY™ service mark, Stites's Bow-Tie Fleur de Lis design service mark, or the STITES & HARBISON PLLC® mark (which are more specifically described in Stites's Complaint for Injunctive Relief) or any other confusingly similar designation.

5. Defendants shall complete these tasks and shall file with the Court, within 30 days of the date of this Agreed Order of Permanent Injunction, a certification signed under penalty of perjury declaring that they have done so;

6. This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Agreed Order of Permanent Injunction.

Consented and Agreed to:

Date: 1-23-2015

Kevin P. Hartley, Esquire
1409-B Hawkins Street
Nashville, TN 37203-4308

Date: 1-23-2015

William Charles Ferrell, Jr., Esquire
3125 Winberry Drive
Franklin, TN 37064-6230

Date: January 23, 2015

James "Randy" Michels, Esquire
414 Woodlawn Drive, Apartment 29
Nashville, TN 37205-2230

Date: 1-23-2015

Trust Tree Legal, P.C.
1321 Adams Street
Nashville, TN 37208-1711

By: _____
Kevin P. Hartley

7

Date: January 23, 2015

Stites & Harbison PLLC
400 W. Market Street, Suite 1800
Louisville, KY  40202

By: _____

January 28, 2015

**David J. Hale, Judge**
**United States District Court**

8